BRYAN KONOSKI (302929)
TREYVUS & KONOSKI
*Attorney for the Plaintiff*
305 Broadway, 14th Floor
New York, NY 10007
(212) 897-5832
Fax: (718) 668-1094
Email: bkonoski@aol.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x *DKT#:*

JOHN DOE,
                     Plaintiff,              **COMPLAINT**

    - against -                     **JURY TRIAL DEMANDED**

CORNELL UNIVERSITY,             **ECF**

                    Defendants.        Case No.: 3:17-CV-0128 (LEK/DEP)
-----------------------------------------------------------------x

Plaintiff, JOHN DOE[1], by his attorneys, the Law Offices of Treyvus & Konoski, P.C., complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages, and for a preliminary injunction, arising out of actions taken by the Defendant, Cornell University ("Defendant Cornell", "Cornell", or "Defendant").

2. The Plaintiff, JOHN DOE, is currently a male student at Cornell University. He was accused of non-consensual sexual activity with a fellow female Cornell University student. The alleged non-consensual sexual activity occurred on or about March 12, 2016. The Plaintiff denies any wrongdoing and denies engaging in any non-consensual sexual activity with the fellow female

---

[1] Plaintiff has filed, contemporaneously with this Complaint, a Motion to proceed under a pseudonym.

Cornell University student.[2]

3. The alleged non-consensual sexual activity occurred off-campus in a Sorority house located at 40 Ridgewood Road, Ithaca, NY, 14850 ("Sorority House"). The Sorority house is not owned, operated, managed, maintained, or supervised by Cornell University. The Sorority house was owned, operated, managed, maintained, and supervised by the sorority and organization, "Alpha Xi Delta Fraternity".

4. Approximately 5 months after the alleged sexual activity, Cornell University initiated an investigation in accordance with the school's policies and procedures set forth in the *"Procedures for Resolution of Reports Against Students Under Cornell University Policy 6.4"*.

5. As more fully set forth herein, under the Section entitled "Facts", Cornell University did not have "Jurisdiction", and did not have any lawful authority, to initiate an investigation of the alleged non-consensual sexual activity. Furthermore, Cornell University does not have any Jurisdiction to impose any punishments or sanctions upon the Plaintiff.

6. As a result of the actions of Cornell University, the Plaintiff has suffered economic damages and he continues to be damaged.

## JURISDICTION

7. This Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 because the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest.

---

[2] It is Plaintiff's position that for the purposes of this lawsuit it is irrelevant whether he is innocent or guilty of the misconduct allegations. The issue in this lawsuit is simply whether Cornell University had Jurisdiction to pursue a sexual misconduct investigation and adjudication. Therefore, the Plaintiff reserves the right to object to any inquiry into the veracity of the allegations at any time during the litigation of this matter. Nonetheless, for the purposes of this pleading, and simply for additional background, the Plaintiff has denied the allegations of sexual misconduct.

8. This Court has personal jurisdiction over the Defendant because it is conducting business within the State of New York.

## VENUE

9. Venue is properly laid in the Northern District of New York under 28 U.S.C. § 1391, because the Defendant is considered to reside in this judicial district and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## JURY DEMAND

10. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

11. Plaintiff, JOHN DOE, is a natural person, citizen of the United States, and resident of the State of Illinois. The Plaintiff's gender is male. The Plaintiff is a student at Cornell University.

12. Upon information and belief, the Defendant, Cornell University, is a private, liberal arts college, in the City of Ithaca, New York, located at 300 Day Hall, Ithaca, NY, 14853.

## FACTS

### A. POLICIES AND PROCEDURES, "POLICY 6.4"

13. The Plaintiff applied to Cornell University and was enrolled starting in the Fall of 2014.

14. While a student at Cornell University, the Plaintiff was a student in good academic standing and had no prior history of disciplinary misconduct.

15. When the Plaintiff was first accepted to Cornell University as a student he was provided with copies of Cornell's school policies, including the *"Procedures for Resolution of Reports Against Students Under Cornell University Policy 6.4"* ("Policy 6.4). A copy of Policy 6.4 is attached hereto as **Exhibit A**.

16. Policy 6.4 sets forth the procedures for the investigation, review, and sanction of students accused of sexual misconduct.

17. Policy 6.4 expressly covenants that it shall not have Jurisdiction to investigate allegations of alleged misconduct, except in limited circumstances. Policy 6.4 sets forth the circumstances under which Cornell University would have lawful authority to investigate allegations of sexual misconduct. Regarding Jurisdiction, Policy 6.4 states[3]:

> "IV. JURISDICTION
> These procedures will apply to prohibited conduct by a student on any campus of the University, or any other property or facility used by it for educational purposes, or on the property of a University-related residential organization.
>
> All actions by a student that involve the use of the University computing and networking resources from a remote location, including but not limited to accessing email accounts, will be deemed to have occurred on campus.
>
> These procedures will apply regardless of the location of the conduct where the President or their designated representative in the person of the Title IX Coordinator determines that either:
>
> - The alleged prohibited conduct has occurred in the context of a University program or activity; or
>
> - The conduct poses a substantial threat to the University's educational mission or to the health or safety of University community members, including potentially contributing to or creating a hostile environment on any campus of the University."

B. **ACCUSATION OF SEXUAL MISCONDUCT.**

18. The Plaintiff was accused by a fellow female Cornell University student of engaging in non-consensual sexual activity with her. The alleged non-consensual sexual activity occurred on or about March 12, 2016.

---

[3] See Exhibit A, Policy 6.4, Page 9, Section IV.

19. The alleged sexual activity occurred off-campus in residence located at 40 Ridgewood Road, Ithaca, NY, 14850 ("The Sorority House"). This off-campus property was used as a Sorority House for the "Alpha Xi Delta" Sorority and is owned by "Alpha Xi Delta Fraternity". See the Deed attached hereto as **Exhibit B.**

### C. THE INVESTIGATION.

20. Approximately 5 months after the alleged non-consensual sexual activity that allegedly occurred on March 12, 2016, Cornell University initiated an investigation in accordance with the school's policies and procedures set forth in the *"Procedures for Resolution of Reports Against Students Under Cornell University Policy 6.4"*.

21. In accordance with Policy 6.4, a hearing will be held to determine whether the Plaintiff engaged in the misconduct alleged and also to determine what penalties or sanctions, if any, will be imposed upon him by Cornell University.

22. As of the filing date of this civil lawsuit, the investigation is pending and a hearing was not yet conducted by Cornell University. It is expected that the hearing will be scheduled on or after February 20, 2017.

23. During the investigation that is being conducted by Cornell University, the Plaintiff has been represented by attorney Michael Croce, Esq.

24. The Plaintiff's attorney, Michael Croce, objected to Cornell's investigation of the allegations of sexual misconduct on the basis that Cornell University does not have Jurisdiction to pursue the investigation, hold a hearing, or impose any penalties or sanctions.

25. In response to Michael Croce's objection, Elizabeth McGrath, the Cornell University investigator assigned to this matter, responded in an email by saying, "Jurisdiction – the incident occurred in a sorority house located at 40 Ridgewood Rd., Ithaca, NY. This location is covered

by Policy 6.4 as <u>the property of a University-related residential organization</u>. Therefore, the pending complaint will not be dismissed due to lack of jurisdiction." Attached hereto as **Exhibit C** is a copy of the email from Elizabeth McGrath dated November 23, 2016.

26. Despite Elizabeth McGrath's assertion that Cornell University had jurisdiction to investigate the allegations, there is nothing in Policy 6.4, or any other rules or regulations promulgated by the school, that would grant the school jurisdiction to pursue an investigation, or adjudicate the allegations of sexual misconduct made against the Plaintiff.

D. **POLICY 6.4 DOES NOT GRANT JURISDICTION OVER THIS MATTER.**

27. In Elizabeth McGrath's email dated November 23, 2016, attached hereto as **Exhibit C**, Ms. McGrath specified Cornell University is asserting Jurisdiction to pursue the investigation under the following paragraph (See Exhibit A, Page 9, Section IV):

> "These procedures will apply to prohibited conduct by a student on any campus of the University, or any other property or facility used by it for educational purposes, <u>or on the property of a University-related residential organization</u>."

28. "Alpha Xi Delta" is a Sorority.

29. "Alpha Xi Delta" is a self-governed student organization.

30. "Alpha Xi Delta" is not a "University-related residential organization".

31. The Sorority House is not a "<u>property</u> of a University-related residential Organization". See **Exhibit A**.

32. Policy 6.4 does not specifically define a "University-related residential organization". Moreover, Policy 6.4 does not define a "<u>property</u> of a University-related residential organization". See **Exhibit A**.

33. Nowhere in Policy 6.4 is there any reference that a Fraternity or Sorority is a "University-related residential organization". Moreover, there is nothing in Policy 6.4 that states

a property owned, operated, managed, or maintained, by a Sorority or Fraternity is a "property of a University-related residential organization". See **Exhibit A**.

34. None of the sections, paragraphs, polices, or procedures of Policy 6.4, including Section IV entitled "Jurisdiction", permits Cornell University to exercise Jurisdiction in the investigation and adjudication of the allegations of sexual misconduct lodged against the Plaintiff relating to the alleged non-consensual sexual activity that occurred at an off-campus location between the Plaintiff and another female Cornell University student on or about March 12, 2016.

E. **OTHER FACTS THAT DEMONSTRATE THE "ALPHA XI DELTA" SORORITY IS NOT A "UNIVERSITY-RELATED RESIDENTIAL ORGANIZATION".**

35. As set forth in the facts above in Paragraphs 13 through 34, Policy 6.4 does not grant Cornell University any "Jurisdiction" over the allegations of sexual misconduct lodged against the Plaintiff. Moreover, there are additional facts, which are set forth below in Paragraphs 36 through 50, that demonstrate Cornell University never intended to exercise Jurisdiction over any issues or incidents that occurred in off-campus locations involving a Fraternity or Sorority. These additional facts further demonstrate that Fraternities and Sororities at Cornell University, and in particular the Sorority known as Alpha Xi Delta, is not a "University-related residential organization", and that the Sorority House located at 40 Ridgewood Road, Ithaca, NY, 1485 is not a "property of a University-related residential organization."

(1) **"Fraternity and Sorority Life" web-page.**

36. The "Fraternity and Sorority Life" web-page for Cornell University, which is located at http://ccengagement.cornell.edu/fraternity-sorority-life, states, "Welcome to Fraternity & Sorority Life at Cornell University. Our office provides support resources to the self-governed Cornell fraternity and sorority community. Fraternities and sororities are values based social organizations, providing members with a tight-knit community of peers, and personal growth

opportunities through leadership development and service projects. Many of the organizations also offer a small residential living experience." See a copy of the web-page attached as **Exhibit D.**

37. According to the Fraternity and Sorority Life web-page, **Exhibit D**, all sororities are "social organizations". Additionally, according to the Fraternity and Sorority Life web-page, **Exhibit D**, sororities are "self-governed". Because sororities are "social organizations" that are "self-governed", they are not "University-related residential organizations" under Policy 6.4.

38. Although some Sororities offer "a small residential living experience", See **Exhibit D.** sororities are not specifically in existence for the purpose of residential living. Moreover, a Sorority house is not open to every Cornell University student; living in a Sorority House is open only to select students who qualify under membership with the Sorority. Therefore, Sororities in general, and "Alpha Xi Delta" in particular, are not a "University-related residential organization".

### (2) List of Cornell University Student Organizations.

39. The sorority, "Alpha Xi Delta", is not listed as a "Cornell University Student Organization". See Page 1 and 2 of the list of student organizations attached hereto as **Exhibit E.** Therefore, "Alpha Xi Delta" is not a "university related" organization. Consequently, it is not a "university-related residential organization".

### (3) "Residential Programs" web-page.

40. The "Residential Programs" web-page for Cornell University, which is located at http://ccengagement.cornell.edu/residential-programs, states "Residential Programs provides student support and programming in the residence halls to make your experience engaging, meaningful, and gratifying." The Sorority, "Alpha Xi Delta", and the Sorority House, is not a "residence hall". Nor is the Sorority House a "dormitory". Therefore, the Sorority and Sorority House is not a "University-related residential organization" under Policy 6.4. See **Exhibit F.**

### (4) "Recognition Policy"

41. The "Recognition Policy for Fraternities and Sororities" web-page for Cornell University, which is located at http://ccengagement.cornell.edu/fraternity-sorority-life/greek-community-cornell/rights-responsibilities/recognition-policy, states "Recognition is the formal process by which Cornell determines whether a social fraternity or sorority (residential or non-residential, occupying property owned by Cornell or not, located on or off campus) may avail itself of certain privileges within the gift of the University." See the "Recognition Policy" attached hereto as **Exhibit G**. The "Recognition Policy for Fraternities and Sororities" demonstrates that a non-residential fraternity or sorority is one that does not occupy property owned by Cornell University.

42. The Sorority House is not owned, operated, managed, or maintained by Cornell University.

43. The Sorority House does not occupy property owned by Cornell University.

44. The Sorority House is owned by "Alpha Xi Delta Fraternity". Attached hereto as **Exhibit B** is a copy of a deed dated June 26, 2012, which indicated that "Alpha Xi Delta Fraternity" is the owner of the Sorority House.

45. The Sorority House occupies property owned by "Alpha Xi Delta Fraternity".

46. Pursuant to the "Recognition Policy for Fraternities and Sororities", the Sorority, "Alpha Xi Delta", and the Sorority House, are "non-residential". Consequently, the Sorority, "Alpha Xi Delta", and the Sorority House, are not a "University-related residential organization".

47. The "Recognition Policy for Fraternities and Sororities", also states that "in no event shall any fraternity or sorority use the University's name or tax identification number or hold itself out in such manner as to suggest that it is synonymous with, or authorized to act on behalf of,

<u>Cornell</u> or that its actions are in any way approved, sponsored or endorsed by Cornell. Violation of this section may result in withdrawal of recognition pursuant to paragraph H above." See **Exhibit G**.

48. The "Recognition Policy for Fraternities and Sororities", further states that "the Recognition serves only the limited purposes described herein and is not intended in any way to alter the legal relationship between Cornell and the fraternity or sorority. Each fraternity or sorority is, and remains, <u>an independent legal entity</u> responsible for its own actions and for meeting its own legal duties and obligations. It is understood that Cornell does not, by this action, <u>assume any legal responsibility for the supervision or control of fraternity or sorority activities,</u> but reserves the right to withdraw the privileges conferred by this Policy and to take such other actions as may be lawful and appropriate. Recognition pursuant to this policy does not constitute an endorsement by Cornell of a particular fraternal organization or its activities." See **Exhibit G.**

49. The "Recognition Policy for Fraternities and Sororities" demonstrates that Cornell University does not have any responsibility for the supervision and control over the activities of sororities or fraternities, and that fraternities or sororities occupying facilities not owned by the University fall under local authority jurisdiction, and not the jurisdiction of Cornell University.

50. The Sorority House is not owned by Cornell University and does not fall within the jurisdiction of Cornell University.

## F. DAMAGES.

51. The Plaintiff sustained, and continues to sustain on an ongoing basis, the following damages:

   a. Damages caused by the Defendant's illegal and unauthorized investigation and adjudication process that was conducted and continues to be conducted without Jurisdiction;

   b. Plaintiff's academic and disciplinary record is and will be irrevocably and irreversibly tarnished and will not withstand scrutiny by a potential employer;

   c. Plaintiff's academic and disciplinary record is irrevocably and irreversibly tarnished and will not withstand scrutiny by other colleges, including Ivy-League colleges, that the Plaintiff may choose to transfer to;

   d. Economic damages that will be caused by the Plaintiff's tarnished reputation, tarnished academic and disciplinary record, or any penalties or sanctions imposed upon him including, but not limited to, his suspension, or expulsion from Cornell University. Such damages include the loss of future employment prospects. The loss of future employment prospects has an estimated value of approximately $200,000 per year perpetually into the future;

   e. As a result of Defendant's actions, Plaintiff and his parents have expended many thousands of dollars to pay for legal fees, costs, and expenses associated with the defense of the illegal and unauthorized investigation process, and for this civil lawsuit;

   f. Emotional distress and mental anguish;

   g. The Plaintiff's reputation has been damaged;

  h. Other direct and consequential damages;

  i. Without appropriate redress, the Defendant's pursuit of the school investigation process, and any associated disciplinary hearing, has caused, and will continue to cause, irreversible damages to the Plaintiff, with no end in sight. Plaintiff seeks redress from this Court to undo the wrongs occasioned by Cornell, including an injunction and an award of financial damages.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. A contractual relationship exists between the Defendant and Plaintiff at all relevant times hereto.

54. Defendant was required to act in accordance with Policy 6.4 when investigating and adjudicating allegations of sexual misconduct.

55. Based on the foregoing, the Defendant has materially breached its contractual relationship with the Plaintiff by failing to comply with its obligations, standards, policies and procedures set forth in Policy 6.4 during the investigation and adjudication in Plaintiff's case.

56. In breach of its obligations under Policy 6.4, the Defendant unlawfully and without any contractual authority exercised jurisdiction over the allegations of sexual misconduct made against the Plaintiff by pursuing an investigation and adjudication of the allegations even though Policy 6.4 did not grant the Defendant Jurisdiction to pursue the investigation or adjudication of the allegations.

57. As a direct and foreseeable consequence of these breaches, the Plaintiff sustained tremendous damages, including, without limitation, emotional distress, loss of educational and

career opportunities, reputational damages, economic injuries, and other direct and consequential damages.

## SECOND CAUSE OF ACTION
## FOR A PRELIMIARY INJUNCTION

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. The Defendants knowingly, willfully, and intentionally, engaged in wrongfully and unlawfully pursued the investigation of sexual misconduct allegations, and the adjudication of such allegations, even though Policy 6.4 did not grant the Defendant "Jurisdiction" to pursue the investigation or adjudication of the allegations.

60. The Plaintiff's attorney, Michael Croce, objected to Cornell's investigation of the allegations of sexual misconduct on the basis that Cornell University does not have Jurisdiction to pursue the investigation, hold a hearing, or impose any penalties or sanctions.

61. In response to Michael Croce's objection, Elizabeth McGrath, the Cornell University investigator assigned to this matter, responded in an email by saying, "Jurisdiction – the incident occurred in a sorority house located at 40 Ridgewood Rd., Ithaca, NY. This location is covered by Policy 6.4 as <u>the property of a University-related residential organization</u>. Therefore, the pending complaint will not be dismissed due to lack of jurisdiction." Attached hereto as **Exhibit C** is a copy of the email from Elizabeth McGrath dated November 23, 2016.

62. Defendants' wrongful conduct, unless and until enjoined and restrained by order of this court, has caused, and will continue to cause, great and irreparable injury to plaintiff as set forth in Paragraph 52(a) through 52(l), and Paragraph 58, above.

63. Plaintiff has no adequate remedy at law for the injuries that the Plaintiff has suffered and will suffer in the future and an award of monetary damages would not provide an adequate

remedy. Without limitation, the following reasons demonstrate that monetary damages will not provide the Plaintiff with sufficient redress for the wrongs being perpetrated by the Defendant:

a. Damages caused by the Defendant's illegal and unauthorized investigation and adjudication process that was conducted and continues to be conducted without Jurisdiction;

b. Plaintiff's academic and disciplinary record is and will be irrevocably and irreversibly tarnished and will not withstand scrutiny by a potential employer;

c. Plaintiff's academic and disciplinary record is irrevocably and irreversibly tarnished and will not withstand scrutiny by other colleges, including Ivy-League colleges, that the Plaintiff may choose to transfer to;

d. Economic damages that will be caused by the Plaintiff's tarnished reputation, tarnished academic and disciplinary record, or any penalties or sanctions imposed upon him including, but not limited to, his suspension, or expulsion from Cornell University. Such damages include the loss of future employment prospects. The loss of future employment prospects has an estimated value of approximately $200,000 per year perpetually into the future;

e. As a result of Defendant's actions, Plaintiff and his parents have expended many thousands of dollars to pay for legal fees, costs, and expenses associated with the defense of the illegal and unauthorized investigation process, and for this civil lawsuit;

f. Emotional distress and mental anguish;

g. The Plaintiff's reputation has been damaged;

h. Other direct and consequential damages;

i. Without appropriate redress, the Defendant's pursuit of the school investigation process, and any associated disciplinary hearing, has caused, and will continue to cause, irreversible damages to the Plaintiff, with no end in sight. Plaintiff seeks redress from this Court to undo the wrongs occasioned by Cornell, including an injunction and an award of financial damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays judgment against the Defendant as follows:

(1) On the First Cause of Action for Breach of Contract, a judgment awarding the Plaintiff damages in an amount to be determined at trial, including, without limitation, damages to physical well-being; emotional and psychological damages; damages to reputation; past and future economic losses; loss of educational and career opportunities; and loss of future career prospects; plus prejudgment interest; attorneys' fees, expenses, costs, and disbursements associated with the unlawful investigation and adjudication of the alleged sexual misconduct; and for attorneys' fees, expenses, costs, and disbursements associated with this civil lawsuit.

(2) On the Second Cause of Action for a Preliminary Injunction:

i. For an order requiring Defendant to show cause, if any they have, why they should not be enjoined as set forth in this complaint, during the pendency of this action;

ii. For a preliminary injunction, and a permanent injunction, all enjoining the Defendant and its agents, servants, and employees, and all persons acting under, in concert with, or for them:

a. From pursuing a sexual misconduct investigation or any adjudication of the allegations of non-consensual sexual misconduct related to the purported sexual misconduct that allegedly occurred on March 12, 2016;

b. From exercising any "Jurisdiction" under the "*Procedures for Resolution of Reports Against Students Under Cornell University Policy 6.4*" ("*Policy 6.4*") to investigate or adjudicate the allegations of purported sexual misconduct that allegedly occurred off-campus at the Sorority House on March 12, 2016.

(3) For such other and further relief as the court deems proper.

Dated: New York, NY
February 5, 2017

By: BRYAN KONOSKI (302929)

TREYVUS & KONOSKI
*Attorney for the Plaintiff*
305 Broadway, 14th Floor
New York, NY 10007
(212) 897-5832
Fax: (718) 668-1094
Email: bkonoski@aol.com